NOT DESIGNATED FOR PUBLICATION

No. 117,282

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY M. MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 13, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

PER CURIAM: Gary M. Moore pled guilty to one count of unlawfully tampering with electronic monitoring equipment and was sentenced according to a plea agreement. On appeal, Moore argues that the trial court abused its discretion in failing to inquire into his claims, described in a letter to his attorney, of ineffective assistance of counsel concerning his retained attorney. Although his letter to his attorney was also filed with the court, we conclude that the letter was insufficient to trigger the trial court's duty to inquire into a potential conflict of interest. Accordingly, we affirm.

1

On August 7, 2015, Moore was charged with one count of unlawfully tampering with electronic monitoring equipment. Moore retained David Phillip Leon as counsel, who then entered his appearance on August 10, 2015. Throughout the pendency of his case, Moore was serving an underlying prison sentence. During this time, he filed several pro se motions, including a motion to dismiss his counsel and a motion to dismiss the charges against him. Leon filed several motions to continue. After the court granted two of Leon's motions to continue, Moore moved to dismiss his charges on May 18, 2016. That motion alleged violations of his speedy trial and due process rights.

In his motion to dismiss his counsel filed on April 22, 2016, Moore notified the trial court that Leon was being officially "removed from this case due to a major conflict and gross negligence." The motion also asserted that Leon had failed to meet with Moore, had failed to advise Moore, had failed to attend or at least timely attend scheduled court dates, and had filed continuances without first advising Moore. The motion also suggested that Moore had already paid Leon but his lack of counseling forced Moore to file motions on his own behalf. Moore, however, withdrew the motion three days after filing it. The record does not reflect that there was ever a hearing to address this matter.

Almost a month after withdrawing his motion to dismiss counsel, Moore pled guilty under a plea agreement and waived his right to a preliminary hearing. Moore signed and submitted a plea form which stated that he was satisfied with the advice of his counsel: "I believe that my lawyer has done a good job counseling and assisting me, and I am satisfied with the advice and help my lawyer has given me." At the plea hearing, Moore orally reaffirmed that he was satisfied with Leon's representation and that he had sufficient time to go over the information with him.

Roughly one month later, Moore wrote a letter to Leon which he filed with the court. In the letter, Moore asserted that Leon had not answered his requests to meet and

discuss his case. Moore also claimed he had not received a copy of "the plea" from Leon after requesting it and that Leon's failure to contact Moore had caused him and his family extreme stress. Moore further stated that he was not sure whether Leon was still representing him. Additionally, Moore wrote that he was confused as to why he was facing a possible prison sentence, why Leon had particular notes written on a court document, and why Leon had allegedly spoken to Moore's family about an unrelated case. At the end of the letter, Moore explained to Leon that he was sending the letter to the trial court, as well as to the "Kansas law board," arguably meaning the Kansas Board for Discipline of Attorneys.

Moore was sentenced according to the plea agreement on July 8, 2016. At the beginning of the hearing, the trial court asked Moore if there was any reason why sentencing should not go forward, and if there was anything he wished to bring to the attention of the court. The trial court did not ask Moore about his legal representation before pronouncing the sentence. Moore was ultimately sentenced to the standard sentence of 34 months in prison followed by a 24-month term of postrelease supervision. His sentence ran consecutive to his other sentences. Nearing the end of the sentencing hearing, the trial court commended Leon as being a "good attorney," on two different occasions, but did not ask Moore how he felt about Leon's representation of him.

*Did the Trial Court Abuse Its Discretion When It Did Not Inquire Into the Effectiveness of Moore's Counsel?*

When a trial court fails to inquire into a defendant's expressed dissatisfaction with defense counsel, our Supreme Court has found the issue may be brought up for the first time on appeal. *State v. Brown*, 300 Kan. 565, 574, 331 P.3d 797 (2014). Whether the trial court adequately inquired into a potential conflict of interest is reviewed for an abuse of discretion. *State v. McDaniel*, 306 Kan. 595, 606, 395 P.3d 429 (2017). An abuse of discretion occurs if no reasonable person would take the view adopted by the trial court

3

or if the decision was based on an error of law or fact. The defendant bears the burden of showing the trial court abused its discretion. 306 Kan. at 606.

Moore argues that the trial court abused its discretion when it made no inquiry into the dissatisfaction expressed in Moore's letter to Leon which he also filed with the court. He argues that simply asking if there was any reason the sentence should not go forward or if there was anything Moore wished to make the court aware of was not enough. In making this argument, Moore cites *State v. Prado*, 299 Kan. 1251, 329 P.3d 473 (2014), which held that giving a defendant the opportunity to address the trial court regarding complaints and no more was an insufficient inquiry into the dissatisfaction with the defendant's attorney.

The State argues that Moore's letter did not advance claims that were sufficient to trigger a specific inquiry by the trial court. The State also argues that Moore had the burden to seek the opportunity to address the issue with the court during his plea hearing or his sentencing hearing.

Both our federal and state constitutions guarantee the right of criminal defendants to have the assistance of counsel. That the right applies equally to retained or appointed counsel, and "requires more than the presence of an attorney; it guarantees the right to effective assistance from the attorney." *Brown*, 300 Kan. at 574-75; *State v. Maddox*, No. 113,621, 2016 WL 7031839, at *3 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1326 (2017). A defendant is also entitled to "'a correlative right to representation that is unimpaired by conflicts of interest or divided loyalties.'" *McDaniel*, 306 Kan. at 606 (quoting *State v. Pfannenstiel*, 302 Kan. 747, 758, 357 P.3d 877 [2015]). It is the trial court's duty to ensure a defendant's constitutional right to effective assistance of counsel is adhered to. *McDaniel*, 306 Kan. at 606. If a defendant raises an "articulated statement of attorney dissatisfaction," it is the trial court's responsibility to inquire. 306 Kan. at 606.

4

Our Supreme Court has held that the trial court's duty of inquiry can be abused in three ways:

"(1) When the district court becomes aware of a potential conflict of interest but fails to inquire at all, which is a decision based on an error of law—the error being the district court's failure to fulfill a legal duty; (2) when the court is aware of the conflict, proceeds to investigate, but fails to conduct an appropriate inquiry; and (3) when the court, after being aware of the conflict, conducts an appropriate inquiry into the defendant's expression of dissatisfaction with counsel but commits an abuse of discretion in deciding whether to substitute counsel." *McDaniel*, 306 Kan. at 606-07.

Moore argues the first type of abuse occurred.

Moore is correct in asserting that a trial court must afford a defendant more of an inquiry than simply allowing the defendant to address the trial court regarding dissatisfaction of representation in certain cases. In order for this to be applicable, however, the trial court must first be informed of a conflict of interest before such an inquiry is required. *Prado*, 299 Kan. at 1259.

If defendants wish to obtain a different attorney, they must articulate a justifiable dissatisfaction with their counsel. *Pfannenstiel*, 302 Kan. at 759. Justifiable dissatisfaction is "'demonstrated by showing a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communications between counsel and the defendant.'" 302 Kan. at 759-60. Traditionally, the justifiable dissatisfaction standard was only applied in cases in which counsel was appointed; however, this court has used the rule in the context of retained counsel as well. See *Maddox*, 2016 WL 7031839, at *2-3.

In *Maddox*, the defendant was also represented by Leon and claimed that the trial court erred in not making an inquiry after he filed a pro se motion to dismiss Leon as

5

counsel. The pro se motion argued that Maddox's right to a speedy trial had been violated, that continuances had been filed without his permission, and that attempts to communicate with counsel were ignored. The situation in this case is strikingly similar to *Maddox* where this court stated that if Maddox was unhappy with his represented counsel, he could have simply terminated Leon. Moreover, the *Maddox* court stated that Maddox could have brought any allegation to the attention of the trial court. 2016 WL 7031839, at *2-3.

In his letter to Leon, Moore asserts that for a period of months he was unsure that he was still being represented by Leon. The record, however, does not reflect a total breakdown in communication. In fact, the letter itself specifically refers to instances where Leon and Moore clearly met and spoke about the case. Ultimately, Moore's letter hinges on complaints of too few visitations by Leon while Moore was in prison and a frustration with Leon's filing of continuances.

Moore's complaint that Leon did not meet with him enough to discuss his case is insufficient to require the trial court to inquire into a potential conflict of interest. "A lack of cooperation and communication between a defendant and trial counsel does not in and of itself constitute a violation of the Sixth Amendment right to counsel." *State v. Ferguson*, 254 Kan. 62, 71, 864 P.2d 693 (1993). Additionally, it is not the trial court's responsibility to examine every single claim of inadequacy and conflict of interest. *State v. Staten*, 304 Kan. 957, 972-73, 377 P.3d 427 (2016). "A single, open-ended question by the trial court may suffice if it provides the defendant with the opportunity to explain a conflict of interest, an irreconcilable disagreement, or an inability to communicate with counsel." 304 Kan. at 972-73. Though open ended, the trial court's questioning at Moore's sentencing hearing was sufficient to allow Moore to address any lingering problems he may have had with his representation.

6

Finally, Moore also addresses concern about Leon's filing of continuances. In Kansas, defense counsel is not required to obtain a client's permission before requesting a continuance. *Sola-Morales v. State*, 300 Kan. 875, 897, 335 P.3d 1162 (2014). Also, Moore does not argue or show how any of the continuances prejudiced his defense.

In conclusion, Moore's letter did not articulate a justifiable dissatisfaction with his attorney. The trial court, therefore, did not have a duty to inquire. Moreover, the proper avenue for Moore to have taken, if he so chose, was to terminate Leon and then ask for the appointment of new counsel or substitution of new retained counsel.

Affirmed.